UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-14120-Moore/McCabe

IRINA SWENSON,

    Plaintiff,

v.

NORTHROP GRUMMAN
CORPORATION,

    Defendant.
_____/

**REPORT & RECOMMENDATION**

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint for Failure to State Any Cause of Action ("Motion"), which was referred to the undersigned by United States District Judge K. Michael Moore. (DE 4, DE 6). For the reasons set forth below, the undersigned **RECOMMENDS** that the Motion (DE 6) be **GRANTED** and that the Complaint be **DISMISSED WITHOUT PREJUDICE**.

**I.   OVERVIEW**

This is a pro se employment dispute, removed from state court on April 22, 2024. (DE 1). The Complaint alleges that Plaintiff submitted her resume for a job with Defendant, that Defendant asked if she was willing to travel, and that she answered "yes." (DE 1-4 at 1). Based upon these communications, Plaintiff alleges that Defendant should have hired her but failed to do so due to "internal politics." (DE 1-4 at 3). Plaintiff alleges that Defendant's failure to hire her amounted to professional malpractice. She seeks compensatory damages of $1,000,000 as well as punitive damages. (DE 1-4 at 3).

Plaintiff also alleges a greater narrative about the ongoing Russia-Ukraine war, blaming Defendant's leadership mistakes for nearly causing nuclear war. (DE 1-4 at 5). Plaintiff does not include any numbered counts in her Complaint, aside from headers at the top of each page that include the words "professional malpractice." (DE 1-4). Aside from this, she does not identify any violation of state or federal law that serves as the basis of her suit.

## II.     DISCUSSION

The Court has carefully reviewed the Complaint and finds that it must be dismissed without prejudice for violation of Fed. R. Civ. P. 8 and 10. Specifically, Rule 8(a)(2) requires complaints to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 10(b) requires that each claim be presented in separate, numbered paragraphs, "each limited as far as practicable to a single set of circumstances," with "each claim founded on a separate occurrence ... stated in a separate count[.]" Complaints that violate Rules 8(a)(2) and 10(b) are known as "shotgun pleadings." *See Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) ("A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both.").

Shotgun pleadings fail to give defendants "adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015); *see also Sledge v. Goodyear Dunlop Tires N. Am., Ltd.*, 275 F.3d 1014, 1018 n.8 (11th Cir. 2001) ("The failure of the plaintiff to identify his claims with sufficient clarity to enable the defendant to frame a [responsive] pleading constitutes shotgun pleading."). Shotgun pleadings commonly suffer from one or more of the following deficiencies:

> (1)   they contain multiple counts, with each count adopting the allegations of all preceding counts, thereby causing each successive count to carry all that came before, and leaving the last count to be a combination of the entire complaint;

  (2)  they are replete with conclusory, vague, and immaterial allegations not obviously connected to any particular cause of action;

  (3)  they do not separate each cause of action into a different count; and

  (4)  they assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions.

*Id.*

  The Complaint here suffers from multiple of the above deficiencies. To begin, Plaintiff's exact legal claim against Defendant remains unclear as she alleges "professional malpractice" but does not set forth any of the facts necessary to support such a claim. To state a claim for professional malpractice under Florida law, a plaintiff must allege facts that show "(1) existence of a legal duty, (2) breach of the duty, (3) proximate causation, and (4) actual loss." *NCM of Collier Cnty., Inc. v. Durkin Grp., LLC*, No. 2:11-cv-558-FTM-99DNF, 2012 WL 2389756, at *2 (M.D. Fla. June 25, 2012).

  Plaintiff also implies, but does not clearly allege, the existence of a contractual duty to hire her, based on her communications with Defendant. She also alleges a great many facts regarding the ongoing Russia-Ukraine war, but it is not clear how or why these facts pertain to any legal claim Plaintiff might have against Defendant. All of this leaves the Defendant unclear as to the exact legal claims Plaintiff seeks to bring and the facts that support those claims.

  The undersigned therefore recommends that the Complaint be dismissed with leave to file an Amended Complaint. The Amended Complaint should comply with Fed. R. Civ. P. 8 and 10. It should set forth numbered paragraphs, and it should specify the exact legal theories that Plaintiff seeks to pursue with facts supporting those theories. It should also separate different legal theories into separately numbered counts.

**III. RECOMMENDATION & NOTICE OF RIGHT TO OBJECT**

For the reasons stated above, the undersigned **RECOMMENDS** that the Motion (DE 6) be **GRANTED** and that the Complaint be **DISMISSED WITHOUT PREJUDICE** with leave to file an Amended Complaint.  **Pending the District Court's resolution of this Report and Recommendation, Plaintiff may only file an Amended Complaint in full compliance with Fed. R. Civ. P. 15 and based on the timeline of the Court.**

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge K. Michael Moore.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THE PARTY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 14th day of May 2024.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE

cc: counsel of record; Plaintiff, pro se.