**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 2:24-cv-14120-KMM

IRINA SWENSON,

     Plaintiff,

v.

NORTHROP GRUMMAN CORPORATION,

     Defendant.

_____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendant Northrop Grumman Corporation's ("Defendant") Motion to Dismiss Plaintiff's Complaint for Failure to State Any Cause of Action and Supporting Memorandum of Law.  (ECF No. 6).  This case was referred to the Honorable Ryon M. McCabe, United States Magistrate Judge, to take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters including discovery, and for a Report and Recommendation on any dispositive matters.  (ECF No. 4).  On May 14, 2024, Magistrate Judge McCabe issued a Report and Recommendation, ("R&R") (ECF No. 7), recommending that the Motion be GRANTED and that *pro se* Plaintiff Irina Swenson's ("Plaintiff") Complaint, (ECF No. 1-4), be DISMISSED WITHOUT PREJUDICE.  No objections to the R&R were filed, and the time to do so has passed.  The matter is now ripe for review.[1]  As set forth below, the Court ADOPTS the R&R.

---

[1] The Court assumes the Parties' familiarity with the facts and procedural history, which are set forth in the R&R.  *See* R&R at 1–2.

## I.     LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de nov*o any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report.  *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).  "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review.  *Id.*  Yet when a party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015) (citation omitted); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the [R&R] not objected to under a clearly erroneous standard of review" (quoting *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

## II.     DISCUSSION

As set forth in the R&R, Magistrate Judge McCabe concludes that Plaintiff's Complaint should be dismissed without prejudice for violation of Federal Rules of Civil Procedure 8(a)(2) and 10(b).  *See generally* R&R.  "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'"  *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).  The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim

rests. *Id.* Such a shotgun pleading makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). Therefore, "shotgun pleadings are routinely condemned by the Eleventh Circuit." *Real Est. Mortg. Network, Inc. v. Cadrecha*, No. 8:11-CV-474-T-30AEP, 2011 WL 2881928, at *2 (M.D. Fla. July 19, 2011) (citing *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991)).

Here, Magistrate Judge McCabe finds that Plaintiff's Complaint is an impermissible shotgun pleading for at least three reasons. *See* R&R at 3. First, Magistrate Judge McCabe explains that "Plaintiff's exact legal claim against Defendant remains unclear as she alleges 'professional malpractice' but does not set forth any of the facts necessary to support such a claim." *Id.* Second, Plaintiff "implies, but does not clearly allege, the existence of a contractual duty to hire her, based on her communications with Defendant." *Id.* Finally, Plaintiff "alleges a great many facts regarding the ongoing Russia-Ukraine war, but it is not clear how or why these facts pertain to any legal claim Plaintiff might have against Defendant." *Id.* Magistrate Judge McCabe concludes that "[a]ll of this leaves the Defendant unclear as to the exact legal claims Plaintiff seeks to bring and the facts that support those claims." *Id.* Upon review, the Court agrees with Magistrate Judge McCabe's analysis and finds that Plaintiff's Complaint is a quintessential example of a shotgun pleading.

## III.   CONCLUSION

Accordingly, UPON CONSIDERATION of the Motion, the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the R&R (ECF No. 7) is ADOPTED. Defendant's Motion to Dismiss Plaintiff's Complaint for Failure to State Any Cause of Action (ECF No. 6) is GRANTED. Plaintiff's

Complaint (ECF No. 1-4) is DISMISSED WITHOUT PREJUDICE with leave to amend.  In the event Plaintiff decides to file an Amended Complaint, the Amended Complaint should comply with Federal Rules of Civil Procedure 8 and 10.  It should set forth numbered paragraphs, and it should specify the exact legal theories that Plaintiff seeks to pursue with facts supporting those theories.  It should also separate different legal theories into separately numbered counts.

DONE AND ORDERED in Chambers at Miami, Florida, this  29th   day of May, 2024.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record